Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| PAULEENE DONAHUE, ) | |
| ) | |
| Plaintiff, ) | COPY |
| ) | Original Received |
| vs. ) | MAR 24 2021 |
| ) | Clerk of the Trial Courts |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3AN-21-05132CI |

**COMPLAINT**

COMES NOW the plaintiff, PAULEENE DONAHUE, by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, does state and allege as follows:

1. At all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. At all times material hereto, defendant was and is an Illinois insurance

4254/01 Complaint
Donahue v. State Farm Mutual Automobile Ins. Co.
Page 1.

Case 3:21-cv-00099-SLG   Document 1-1   Filed 04/20/21   Page 1 of 6

company doing business in the Third Judicial District.

3. On or about 2/20/17, the plaintiff was injured in motor vehicle collision in Anchorage, Alaska caused by the negligence of an underinsured motorist who collided with the plaintiff's vehicle.

4. The defendant investigated and determined that the collision was caused by the driver of the other vehicle which collided with the plaintiff's vehicle.

5. The plaintiff was insured for underinsured motorist coverage by the defendant in the 2/20/17 collision.

6. The plaintiff suffered physical injuries in the 2/20/17 collision.

7. On 5/12/19, the plaintiff, through counsel, provided the defendant with a copy of the liability release agreement and requested the defendant to promptly adjust and pay plaintiff's UIM BI claim.

8. On 2/11/20, the plaintiff, through counsel, sent another request to the defendant to adjust and pay UIM BI policy limits enclosing a medical release for the defendant's use (the letter had a typo on the date and incorrectly indicated 2/11/19).

9. On 7/15/20, the plaintiff, through counsel, sent another request for the defendant to promptly adjust and pay plaintiff's UIM BI policy limits.

10. On 7/17/20, more than a year after the plaintiff provided the release agreement and requested the defendant to promptly adjust and pay plaintiff's UIM BI claim, the defendant denied payment of the claim.

11. The plaintiff's compensatory damages from the 2/20/17 collision exceed the amounts paid by the State Farm $50k liability policy limit and the $25k State Farm medical payment benefits.

12. When the defendant's adjuster offered zero for plaintiff's UIM BI claim on 7/17/20, the adjuster knew or should have known that plaintiff's compensatory damages were greater than the amounts paid by the med pay benefits and the liability policy limit.

13. When the defendant's adjuster offered zero for plaintiff's UIM BI claim on 7/17/20, she had not consulted with any medical expert regarding the plaintiff's injury or condition.

14. When the defendant's adjuster offered zero for plaintiff's UIM BI claim, she had not written to any of the plaintiff's medical providers inquiring about her injury or condition.

15. When the defendant's adjuster offered zero for plaintiff's UIM BI claim on 7/17/20, she had not consulted with any medical professional regarding plaintiff's injury or condition.

16. A UIM BI claim is a first-party claim.

17. The defendant was required to reasonably assist the plaintiff in claims related to the 2/20/17 collision.

18. The defendant was required to provide written notifications every 45 working days from the date of the initial notification of plaintiff's UIM BI claim.

19. The defendant was required to be prompt, objective, even-handed and unbiased in its investigation, evaluation and payment of plaintiff's UIM BI claim.

20. In handling the plaintiff's UIM BI claim, the defendant was obligated to treat the plaintiff's interests with equal regard as its own.

21. The defendant was required to provide a reasonable explanation of its adjustment to the plaintiff.

22. The defendant was required to provide a reasonable explanation of any offer of compromise settlement.

23. The defendant was obligated to pay what it believed that it owed to the plaintiff.

24. The defendant was obligated to pay any undisputed portion of plaintiff's claim pursuant to 3 AAC 26.070.

25. The defendant was not prompt, objective, even-handed and unbiased in its investigation, evaluation and payment of plaintiff's UIM BI claim.

26. The defendant failed to reasonably explain is adjustment or denial to the plaintiff.

27. The defendant failed to communicate timely with the plaintiff.

28. The defendant unreasonably investigated the plaintiff's UIM BI claim.

29. The defendant unreasonably evaluated the plaintiff's UIM BI claim.

30. The defendant failed to reasonably explain its UIM BI evaluation.

31. The defendant is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or respondeat superior and/or agency.

32. The defendant's adjustment of plaintiff's UIM BI claim lacked an objectively reasonable basis.

33. The defendant's unreasonable investigation and/or evaluation and/or denial of payment of UIM BI damages were substantial factors in causing harm to the plaintiff for which the defendant is liable.

34. The defendant is liable for breach of contract.

35. The defendant negligently adjusted the plaintiff's UIM BI claim which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

36. The defendant recklessly adjusted the plaintiff's UIM BI claim which was a substantial factors in causing harm to the plaintiff for which the defendant is liable.

37. The defendant's denial of payment in the plaintiff's claims was part of an intentional and malicious scheme to save money for itself.

38. The defendant is liable for breach of the covenant of good faith and fair dealing.

39. The defendant's conduct evidenced reckless disregards to the interests of the plaintiff and/or was outrageous.

40. The defendant is liable for past and/or future: medical expense, pain, suffering, emotional distress, frustration, anxiety, loss of earnings, loss of non-market household services, loss of capacity for enjoyment of life, inconvenience and other non-pecuniary damages to be more fully set forth at trial, all in an amount less greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

41. The defendant is liable for punitive and/or exemplary damages.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, injunctive relief, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 22 day of March, 2021.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

4254/01 Complaint
Donahue v. State Farm Mutual Automobile Ins. Co.
Page 6